# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IFC CREDIT CORPORATION, <br> an Illinois corporation, <br> <br> Plaintiff, <br> <br> v. <br> <br> CENTRIX CONSOLIDATED, LLC, <br> CENTRIX HOLDINGS INC., and <br> FOUNDERS INSURANCE COMPANY, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. 06-cv-6338 <br> <br> Judge Robert M. Dow, Jr. |

## MEMORANDUM OPINION AND ORDER

Plaintiff, IFC Credit Corporation's ("IFC"), operative first amended complaint [54] contains three counts. Each count is directed at a different Defendant but each count alleges breach of contract of a corporate guaranty. Before the Court is the IFC's motion for summary judgment [69] contending that there are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law. Because none of the Defendants responded to the summary judgment motion, the Court will proceed on the basis of Plaintiff's motion and supporting materials alone. For the following reasons, the motion [69] is granted.

**I.  Facts**

IFC is an Illinois corporation engaged in national equipment leasing and financing for capital equipment to commercial and industrial entities. SOF ¶¶ 1-2. Defendant Centrix Consolidated, LLC ("Consolidated") is a Colorado limited liability corporation. *Id*. ¶ 5.[1]

---

[1] Although Plaintiff did not ascertain the citizenship of the members of the LLC at the time that Plaintiff filed its original complaint, discovery was reopened for the limited purpose of obtaining that information and Plaintiff subsequently filed an amended complaint setting forth the citizenship of the members of the LLC, as it was required to do in order to establish a basis for diversity jurisdiction. See, *e.g.*, *Thomas v.*

Defendant Centrix Holdings, Inc. ("Holdings") is a Colorado corporation. *Id*. ¶ 7. Consolidated and Holdings both have their principal place of businesses in Colorado. *Id*. ¶¶ 5, 7. Defendant Founders Insurance Company ("Founders") is a Bermuda corporation, with its principal place of business in Bermuda. *Id*. ¶ 9.[2]

On March 31, 2004, IFC entered into Master Lease Agreement ("MLA") No. 8010333 with Centrix Financial, LLC ("Financial"), a non-party, for the lease of certain office equipment and computer software. SOF ¶ 3. As part of the MLA, IFC and Financial entered into several Lease Schedules ("Schedules") that incorporated the terms and conditions of the MLA, but constituted separate equipment lease contracts. *Id*. IFC sold off some of the Schedules, but retained ownership of all of the rights in and to Schedules 069, 084, 094, and 109-119. *Id*. ¶¶ 3, 4. Under the MLA, IFC maintained the right to "declare all sums due and to become hereunder immediately due and payable" upon Financial's default in payment. *Id*. ¶ 16. IFC also is entitled under the MLA to recover (i) 15% of the delinquent lease payments in a late charge, (ii) 1.5% of the outstanding balance in interest for each month that the sum remains unpaid, and (iii) reasonable attorneys' fees and costs for proceedings commenced to enforce the Agreement. *Id*. ¶

---

*Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Cosgrove v. Bartollotta*, 150 F.3d 729, 731 (7th Cir. 1998).

[2] Defendants failed to respond to Plaintiff's Local Rule ("L.R.") 56.1 statements of fact ("SOF"). Where the opposing party has failed to file a response statement, all material facts set forth by the moving party's statement are deemed to be admitted. See L.R. 56.1(b)(3)(C); *Blunt v. Exelon/Commonwealth Edison Co*., 2009 WL 2244703, at * 1 (N.D. Ill. July 28, 2009). The Seventh Circuit teaches that a district court has broad discretion to require strict compliance with L.R. 56.1. See, *e.g.*, *Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004); *Curran v. Kwon*, 153 F.3d 481, 486 (7th Cir. 1998) (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (collecting cases)). Therefore, the Court takes the relevant facts solely from the Plaintiff's L.R 56.1 SOF [71]. See *Visco Fin. Servs., Ltd. v. Siegel*, 2009 WL 1563853, at *2 (N.D. Ill. June 4, 2009) ("[Defendant] has not responded to the motion for summary judgment, despite having the opportunity to do so. As a result, [Plaintiff's] statement of undisputed facts [is] deemed admitted.").

17.[3] In connection with the MLA, the three Defendants issued written Guaranty Agreements to IFC which guaranteed all lease obligations of Financial under the MLA. *Id*. ¶¶ 6, 8, 10, 21. Under these Agreements, Defendants have primary obligations to IFC, and IFC does not have an obligation to initiate proceedings against Financial to collect money owed under the MLA. *Id*. ¶ 22.

Financial ceased making payments on the Schedules in early 2006. SOF ¶ 12. IFC sent letters to Financial and the three Defendants notifying them of the default on August 14, 2006. *Id*. ¶ 13. These letters further stated that IFC was declaring the balance of the payments immediately due and payable as stated in the MLA. *Id*. ¶ 18. IFC received no response to these letters from the three Defendants. *Id*. The three Defendants did not protest IFC enforcing the Guaranty Agreements but IFC did not receive any payment from the three Defendants. *Id*. The only payment received by IFC was $67,000 from Financial toward one of the Schedules. *Id*. ¶ 14.

## II. Legal Standard on Summary Judgment

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

---

[3] As of February 1, 2009, Plaintiff calculated that it was owed $3,036,628.56 by each of the Defendants, including past-due principal of $2,085,175.55, plus late charges and contract-interest. In addition, Plaintiff stated that it has incurred, and will incur, attorneys' fees in the amount of at least $50,000.00. SOF ¶ 25.

To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## III. Analysis

The elements of a cause of action for breach of contract are "(1) the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to plaintiff." *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (quoting *Hickox v. Bell*, 195 Ill. App. 3d 976, 992 (5th Dist. 1990)).[4] The Guaranty Agreement determines the guarantor's liability, and that agreement is "interpreted under general principles of contract construction." *Bank of Am. Nat'l Trust & Savings Ass'n v. Schulson*, 305 Ill. App. 3d 941, 945 (1st. Dist. 1999). Plaintiff contends, and the Court agrees,

---

[4] The MLA specifies that "[t]his lease * * * shall be governed by Illinois law." The Guaranty Agreements also specify that they "shall be interpreted * * * in accordance with the internal laws of the State of Illinois."

that there are no genuine issues of material fact and that Defendants breached the Guaranty Agreements entered into with IFC.

Defendants guaranteed the contract that IFC entered into with Financial. IFC and Defendants thus entered into a valid and enforceable contract when all parties executed and signed the Guaranty Agreements. IFC fully performed its obligations under the MLA, to which the Guaranty Agreements were tied. Financial breached the contract by defaulting on the Schedules and thus on the MLA. IFC notified Financial and Defendants of the breach. IFC accelerated the payments due under the MLA and notified Financial and Defendants of this action. Defendants then breached the contract when they failed to satisfy the terms of the Guaranty Agreements, which obligated them to satisfy Financial's liabilities under the MLA if Financial failed to meet its obligations. See *Visco Fin. Servs., Ltd. v. Siegel*, 2009 WL 1563853, at *2 (N.D. Ill. June 4, 2009) (citing *Hensler v. Busey Bank*, 231 Ill.App.3d 920, 927 (4th Dist. 1992)) ("Illinois courts have held that a guaranty of the payment of an obligation of another is an absolute undertaking imposing liability on the guarantor immediately upon the default of the principal debtor"). As a result of this breach, IFC is owed the past-due principal, late charges, contract interest, and attorneys' fees. As noted above, as of February 1, 2009, Plaintiff calculated that it was owed $3,036,628.56 by each of the Defendants, including past-due principal of $2,085,175.55, plus late charges and contract interest and attorneys' fees in the amount of at least $50,000.00. SOF ¶ 25.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment [69] is granted. To facilitate the entry of a final judgment in this case, Plaintiff is directed to submit by 9/22/09 a short supplemental brief setting forth all of the amounts to which it believes it is entitled under

5

the Guaranty Agreements.  Plaintiff also is directed to serve on Defendants by registered mail copies of the following documents:  (i) Plaintiff's supplemental brief due on 9/22/09, (ii) this memorandum opinion and order, and (iii) the Court's minute order dated 9/15/09.  The Court further requests that Plaintiff file a certificate of service on the docket, as it previously has done [see 81, 84].  Defendants may submit in writing any objections to those amounts on or before 9/29/09, after which time the Court will enter a final judgment.

Dated: September 15, 2009                     _____
                                              Robert M. Dow, Jr.
                                              United States District Judge